United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZENITH FREEDMAN,

    Plaintiff,

    v.

SHERIFF'S OFFICER TONG, et al.,

    Defendants.

                                    /

No. C 06-02916 CRB

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Zenith Freedman alleges that she was mistreated by an officer of the San Francisco Sheriff's Department when she was in a waiting room at San Francisco General Hospital, and then mistreated again at the San Francisco County jail. Her complaint sets forth three causes of action against the arresting officer ("DefendantTong"), as well as against the hospital's chief executive officer ("Defendant O'Connell").

      The case was originally filed in San Francisco County Superior Court. Defendants removed the case to this Court on the basis of federal question jurisdiction. Shortly after removal, a discovery dispute arose in which Plaintiff declined to provide certain materials to Defendants. Due in part to these discovery difficulties, Plaintiff's attorney withdrew from the case at a hearing before the Court in November of 2006. Plaintiff has been pursing the case *pro se* since that time.

//

1  Now pending before the Court is Defendants' motion for summary judgment.
2  Plaintiff filed no opposition and failed to appear before the Court at a hearing on the motion.
3  Based upon the evidence presented by Defendant in the motion for summary judgment, the
4  Court agrees that Plaintiff cannot prevail on any of her claims.

5  As to the claims against the chief executive officer of the hospital, there is no
6  indication in the complaint or in the record that there was any failure on the hospital's part to
7  "supervise" what went on in the emergency waiting room, where the incident between
8  Plaintiff and Defendant Tong took place.  There is no indication that hospital personnel even
9  witnessed what went on in the waiting room during the brief encounter between Plaintiff and
10 Defendant Tong, much less that such personnel had authority to supervise Defendant Tong or
11 breached some duty to Plaintiff in failing to do so.  Because Defendant's motion indicates
12 that Plaintiff "does not have enough evidence of an essential element to carry [her] ultimate
13 burden of persuasion at trial" on the issue of the hospital's failure to supervise, it was
14 Plaintiff's obligation to "produce evidence to support [her] claim."  Nissan Fire & Marine
15 Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1103 (9th Cir.2000) (citing High Tech Gays v. Def.
16 Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990)).  Plaintiff has presented no
17 such evidence.  In fact, she has presented no evidence at all.  Accordingly, summary
18 judgment as to Defendant O'Connell is GRANTED.

19 As to Plaintiff's claims against Defendant Tong, the only conduct allegedly giving rise
20 to liability is the fact that Defendant Tong forcibly moved Plaintiff when she was interfering
21 with his attempt to escort an apparently homeless woman from the waiting room, and that
22 Plaintiff was subsequently placed under arrest for this interference.  The evidence submitted
23 in support of Defendants' motion for summary judgment, and in particular Plaintiff's own
24 testimony at deposition, indicates that Defendant Tong did not use an objectively
25 unreasonable amount of force in moving Plaintiff away from him.  Nor is there any basis for
26 this Court to find that Plaintiff's subsequent arrest was made without probable cause for
27 believing that her interference with Defendant Tong's duties was a crime.  Further, even if
28 the evidence could lead a reasonable juror to conclude that Defendant Tong did commit a

constitutional violation, the record now before the Court (as well as the apparently unsettled state of California law on the issue of whether a peace officer may arrest a subject for verbal interference with an arrest) compels the conclusion that he would be entitled to qualified immunity for his actions. Accordingly, summary judgment as to Defendant Tong is therefore GRANTED.

Finally, as to any of the events that may or may not have transpired at the San Francisco County jail, there is no evidence that any of the named Defendants were involved. The circumstances surrounding Plaintiff's confinement, therefore, do not provide any basis for defeating the pending summary judgment motion. For all of these reasons, Defendants' motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: May 8, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE